UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:17-CR-68-CHB-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| RON ODELL HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Nearly a year ago, Defendant Ron Odell Harrison, through counsel, filed a motion for a competency evaluation and to determine the existence of insanity at the time of the alleged offense. D.E. 15. A lengthy series of proceedings and evaluations ensued, as described in further detail below. Now, the Bureau of Prisons has completed a forensic evaluation ("the Report") opining that Defendant is competent to stand trial, and it has filed a certificate of Defendant's restoration of competency to stand trial. *See* D.E. 55; D.E. 57. In light of the Report, and the parties' stipulation to it, and the certificate of Defendant's restoration of competency, the undersigned recommends that District Judge Boom find Defendant competent to face further proceedings in this case.

I.   Procedural History

Following the filing of Defendant's motion for a competency evaluation, see Docket Entry 15, the Court conducted an initial competency hearing, per 18 U.S.C. § 4241(a), see Docket Entry 18. The United States joined Defendant's motion, which the Court construed as a notice of an

---

[1] The Court issues its decision as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068–69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

insanity defense under Federal Rule of Criminal Procedure 12.2(a).  D.E. 18.  The United States then moved for an insanity evaluation pursuant to 18 U.S.C. § 4242(a) and Rule 12.2(c)(1)(B).  *Id*.  Based on counsel's representations, and the Court's examination and observation of Defendant during the hearing, the Court found that there was reasonable cause to believe that Defendant may be suffering from mental disease or defect rendering him mentally incompetent, as defined in § 4241(a).  *See* D.E. 19.  Therefore, upon the required findings, the Court ordered a psychiatric evaluation to determine Defendant's competency and whether he was insane at the time of the offense charged.  *Id*.

During that Court-ordered evaluation, Defendant was housed at the Metropolitan Correctional Center in New York, New York, from March 20 to June 5, 2018.  D.E. 36.  On June 15, the BOP transmitted to the undersigned an evaluation regarding Defendant's competency to stand trial.[2]  *See* D.E. 35; D.E. 35-1.  In that report, Dr. Samantha E. DiMisa, Ph.D., described "a gross change in [Defendant's] mental status," and opined that Defendant was not competent for his case to proceed because he: possessed a factual, but not rational, understanding of the proceedings against him; was unable to assist legal counsel in his defense; and did not have the ability to adequately make decisions regarding his legal strategy.  *See* D.E. 35 at 26, 30.

Notably, Dr. DiMisa found that, at that time, Defendant was "not currently capable of cooperating with defense attorney and making decisions regarding legal proceedings nor maintaining proper courtroom behavior" and that he had been experiencing auditory and visual hallucinations.  *Id.* at 29.  Further, Dr. DiMisa found that Defendant met the criteria for six diagnoses: (1) Schizoaffective Disorder, Depressive Type, Multiple Episodes, Currently in Acute

---

[2] Due to Defendant's mental status and his inability to communicate productively with his evaluator, the BOP was unable to conduct a Criminal Responsibility evaluation.  D.E. 35 at 1.  Because such an evaluation was never completed, at Defendant's final competency hearing, the Court directed that "[a]ny notice under Rule 12.2(a) must be served on or before March 4, 2019."  D.E. 70.

Episode; (2) Paranoid Personality Disorder; (3) Stimulant Use Disorder, Amphetamine-type Substance, Mild, in a Controlled Environment; (4) Tobacco Use Disorder, Moderate, in a Controlled Environment; (5) Alcohol Use Disorder, Mild, in a Controlled Environment; and (6) Adult Antisocial Behavior. *Id.* at 22.

Following receipt of the report, the Court ordered it filed in the record, see Docket Entry 34, and held a competency hearing, see Docket Entry 37. At that hearing, counsel for the defense and for the government stipulated to the admissibility of the report and to the qualifications of the individuals who prepared it. D.E. 37. Both counsel waived the examination of the preparers of the report, see *id.*, and the Court subsequently entered a recommended disposition finding Defendant was "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [wa]s unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per § 4241(d)," see Docket Entry 38 at 4. Following Judge Boom's adoption of that recommendation, see Docket Entry 44, the Court committed Defendant to the custody of the Attorney General to be hospitalized for treatment for a reasonable period of time, not to exceed four months, to determine whether Defendant would attain capacity to permit these proceedings to go forward, see Docket Entry 46 at 1–2.

Defendant was housed at FMC Butner in Butner, North Carolina, for further evaluation and treatment from July 24 to November 19, 2018. *See* D.E. 72. Notably, during that time period, the Court conducted a status conference concerning Defendant's continued restorative treatment. D.E. 52. After completing that evaluation, the BOP forwarded the Report to the undersigned and filed its certificate of Defendant's restoration of competency. D.E. 55; D.E. 57; *see also* 18 U.S.C. § 4241(e). The Report was authored by Kristina P. Lloyd, Psy.D., ABPP, and in it, Dr. Lloyd discusses her opinion that Defendant is competent to proceed to trial. *Id.* at 14–15.

3

Upon receipt of Dr. Lloyd's report and the certificate of Defendant's restoration of competency and circulation of both documents, the Court scheduled a hearing pursuant to 18 U.S.C. §§ 4241 and 4247(d). *See* D.E. 58. However, after one continuance of that hearing, defense counsel filed an *ex parte* motion requesting funds under the Criminal Justice Act to hire a psychologist to assist him in the "preparation of a proper competency argument." *See* D.E. 61 at 1. The Court granted that request. *See* D.E. 62. Subsequently, the Court entered an order setting Defendant's final competency hearing for February 20, 2019. *See* D.E. 69.

At that hearing, Defendant appeared with his counsel, and defense counsel represented to the Court that he had reviewed the Report by Dr. Lloyd and the certificate of restoration of competency with Defendant and had consulted with the approved psychologist. D.E. 70. Further, counsel for both parties stipulated to the admissibility of the Report, as well as Dr. Lloyd's qualifications. *Id.* Both counsel also waived the opportunity to offer additional proof into evidence on the issue of Defendant's competency and the opportunity to examine or cross-examine Dr. Lloyd. *See id.* Accordingly, no evidence in the record contradicts Dr. Lloyd's report finding Defendant competent to proceed to trial.

## II.     Finding as to Competency

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Id.*; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure). Ultimately, per § 4241(d), a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (per curiam) (table) (burden on United States, though without statutory analysis), *and United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States), *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 505 U.S. 437, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

As discussed above, at the final hearing, neither party sought to introduce evidence beyond the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Lloyd, and the Court finds that the Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. Notably, the Report reflects personal observation by Dr. Lloyd, a review of Defendant's available legal documents, including his prior forensic evaluation, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. *See* D.E. 55 4–15. Further, Dr. Lloyd analyzed the course of Defendant's restorative treatment and his time at FMC Butner, see *id.* at 5–11; she also personally interviewed him and subjected him to the Revised – Competency Assessment

5

Instrument ("R-CAI") to inform her opinions regarding his competency. *Id.* at 13. Additionally, Dr. Lloyd made contact with defense counsel. *Id.* at 5.

The following observations noted in the Report give context to Dr. Lloyd's finding that Defendant is competent to proceed in this matter:

(1) Defendant was informed of the purpose of his evaluation and that his communications with Dr. Lloyd and other BOP staff were not confidential (*Id.* at 4);

(2) Dr. Lloyd found that, "[f]or the duration of his evaluation period, Mr. Harrison's mental status remained stable" (*Id.* at 11);

(3) Defendant maintained a neat and tidy cell and was able to maintain adequate hygiene and grooming (*Id.*);

(4) "He was alert and correctly oriented to his person, place, situation, and time," his "[a]ttention and memory functions were assessed as grossly intact," and "[h]is speech was normal in rate, rhythm, and volume" (*Id.*);

(5) Although Defendant had difficulty speaking during one interaction with his evaluator (*see id.* at 10), Dr. Lloyd found that "no significant articulation deficits were noted" (*Id.* at 11);

(6) Defendant's "thought process was logical," and "[h]is communications were consistently goal-directed and relevant to the questions asked" (*Id.*);

(7) "No delusional material was elicited," and Defendant "showed no signs of response to internal stimuli and denied experiencing perceptual disturbances at this time" (*Id.*); and

(8) Defendant "did not report current suicidal ideation." *Id.*

Based upon Dr. Lloyd's evaluations, she diagnosed Defendant with the following: (1) Antisocial personality disorder; (2) Paranoid personality disorder; (3) Alcohol use disorder, mild,

6

in remission, in a controlled environment; and (4) Stimulant use disorder, amphetamine-type substance, mild, in remission, in a controlled environment. *Id.* However, Dr. Lloyd found through Defendant's completion of the R-CAI that he understood he was facing a felony charge and understood the roles and responsibilities of courtroom personnel. *Id.* at 14. Further, Dr. Lloyd found that "Mr. Harrison demonstrated an adequate factual understanding of his case and associated legal procedures," that "his decision-making was reality based," and that he "was willing and able to work with [h]is attorney." *Id.* Ultimately, Dr. Lloyd opined that "Mr. Harrison does not have a disease or defect which renders him not competent to proceed" and that his "prognosis for maintaining his competency is good."[3] *Id.*

On these facts, the Court finds Dr. Lloyd accurately applied the *Dusky* standard as codified in § 4241(a) to determine that Defendant is competent. Further, there is not any evidence that tends to show Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that District Judge Boom find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. As discussed during the competency hearing, any objection must be filed within **THREE DAYS** of the entry of this order. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that three-day period, this matter will be referred to Judge Boom for her consideration.

---

[3] Still, Dr. Lloyd stated that it was the BOP's "strong recommendation that Mr. Harrison should continue to be prescribed and continue to take his psychotropic medications for his safety and the safety of others." D.E. 55 at 11.

This the 22nd day of February, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge