UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:17-CR-068-CHB |
| v. | ) ) | |
| RON ODELL HARRISON, | ) ) ) | **ORDER ADOPTING REPORT AND RECOMMENDATION ON COMPETENCY** |
| Defendant. | ) ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The procedural history of this case is explained in detail in Magistrate Judge Hanly A. Ingram's Report and Recommendation ("R&R") at R. 74. In short, the Defendant moved for a competency examination a year ago, on February 27, 2018. [R. 15] Two days later, the Court held a hearing on the motion and then ordered the Defendant to undergo a psychological or psychiatric evaluation. [R. 18, R. 19] Harrison subsequently underwent an evaluation by a forensic psychologist with the Bureau of Prisons. [R. 35] After reviewing this report and holding a hearing, on June 26, 2018, Judge Ingram filed an R&R concluding that the Defendant was not competent to stand trial. [R. 38] Judge Ingram recommended that, pursuant to the competency principles set out in *Dusky v. United States*, 362 U.S. 402 (1960) and codified in 18 U.S.C. § 4241, the Defendant be committed to the custody of the Attorney General for treatment and that he remain there for a reasonable period of time, not to exceed four months, as necessary to determine whether there was a substantial probability that the Defendant would attain the capacity to permit further proceedings to take place in the foreseeable future. [R. 38 at p. 6, citing 18 U.S.C. § 4241(d)(1)] On July 12, 2018, the Court adopted the R&R finding the

Defendant to be incompetent to proceed to trial, [R. 44], and the Defendant was subsequently committed as recommended. [R. 46 at pp. 1-2] He was transported to FMC Butner on July 24, 2018, [R. 51], where he remained until November 19, 2018, returning to the Eastern District on November 21, 2018. [R. 72]

During the evaluation period, a forensic psychologist, Dr. Kristina P. Lloyd, Psy.D., ABPP, evaluated Harrison and opined that he was competent to stand trial. [R. 55] On October 31, 2018, the Bureau of Prisons forwarded this Report to Judge Ingram, and filed a certificate of restoration of competency. [R. 55; R. 57] The Court accordingly scheduled a second competency hearing for December 4, 2018, R. 58, but pursuant to several defense motions, the hearing was rescheduled several times. [*See* R. 59; R. 60; R. 63; R. 64; R. 65; R. 66; R. 67; R. 68; R. 69]

A final competency hearing was held on February 20, 2019. [R. 70] Both parties stipulated to the admissibility of the Report and to Dr. Lloyd's qualifications, and neither side examined or cross-examined Dr. Lloyd or offered additional proof on Harrison's competency. [R. 70; R. 74 at p. 4] Thus, as the R&R explains, there is no record evidence to contradict Dr. Lloyd's report finding that the Defendant is competent to stand trial. [*See* R. 74 at p. 4] Judge Ingram found the Report to be "a thorough and comprehensive assessment of Defendant's mental and psychiatric condition," [R. 74 at p. 5], and further found that "Dr. Lloyd accurately applied the *Dusky* standard as codified in § 4241(a) to determine that Defendant is competent." *Id.* at p. 7. Accordingly, the R&R recommends that the Court find the Defendant competent to face further proceedings in this matter. *Id.*

Generally, this Court must make a *de novo* determination of those portions of the Report

and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Judge Ingram's Report and Recommendation advises the parties that any objections must be filed within three (3) days of service. [**R. 74** at 7] The time to file objections has passed, and neither party has filed any objections to the R&R nor sought an extension of time to do so. *See Id.* at 7; Fed. R. Crim P. 59(b). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 74**] is **ADOPTED** as the opinion of this Court.
2. The Court **FINDS** that Ron Odell Harrison is competent to face further proceedings in this matter.
3. The Clerk of the Court is **DIRECTED** to provide a copy of this Order to the United States Probation Office and the United States Marshal.
4. This matter is assigned for a **trial by jury on Tuesday, March 12, 2019, at the hour of 9:30 a.m.**, before the Honorable Claria Horn Boom, United States District Judge, at the United States Courthouse in **London, Kentucky**. Counsel

shall be present in the courtroom at **9:00 a.m.**

5. The time between **February 16, 2018,** and **February 20, 2018,** is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D), because the delay resulted from a pretrial motion concerning the Defendant. The time between **February 27, 2018,** and **March 1, 2018,** is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(D), because the delay resulted from a pretrial motion concerning the Defendant. The time between **March 1, 2018** (the date of the Order directing that the Defendant undergo an examination to determine competency), and **July 12, 2018** (the date of the Order finding the Defendant incompetent) is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A); (h)(1)(D). The Court **FINDS** that the period of delay resulted from a proceeding or examination to determine the mental competency of the Defendant and is therefore excludable pursuant to 18 U.S.C. § 3161(h)(1)(A)[1]. In addition, while the Court's Order at R. 19 terminated the Defendant's motion for a competency and sanity exam as an administrative matter, the substantive request for relief (for an examination to determine competency) remained pending for

---

[1] *See United States v. Zabawa*, 719 F.3d 555, 562 (6th Cir. 2013) ("Zabawa argues that the speedy-trial clock resumed when the district court received his competency evaluation, rather than later, when the court found him competent. . . . This argument too is foreclosed by precedent: the clock stays stopped until the court makes a competency finding.").

Speedy Trial Act purposes through the date of the Court's determination that the Defendant was not competent to stand trial; thus, this delay also resulted from a pretrial motion concerning the Defendant and is therefore excludable pursuant to 18 U.S.C. § 3161(h)(1)(D). However, pursuant to 18 U.S.C. § 3161(h)(1)(F), the five days in excess of ten days from March 5, 2018 (the date of the order directing Harrison's transportation to New York Metropolitan Correctional Center, *see* R. 25) and March 20, 2018 (the date of Harrison's arrival at the destination, *see* R. 28) are not excludable unless the United States either shows why this subsection should not apply or else rebuts the presumption that the excess time was unreasonable. The time between **July 12, 2018** (the date of the order finding the Defendant incompetent) and **the date of this order** (finding the Defendant competent to stand trial) is excludable pursuant to 18 U.S.C. § 3161(h)(1)(A); (h)(1)(D); (h)(4). The period of delay resulted from the fact that the Defendant was mentally incompetent to stand trial and is therefore excludable pursuant to 18 U.S.C. § 3161(h)(4)[2]. In addition, the Defendant's Motion to Continue at R. 41, filed after he underwent the first competency evaluation but before the Court's first determination as to competency, requested a trial continuance not only for the defendant to receive treatment, but for his competency to be evaluated. Both

---

[2] *See, e.g.*, *United States v. Romero*, 833 F.3d 1151, 1154 (9th Cir. 2016) ("We agree with the government that the entire period between March 19, 2014—when Romero was declared incompetent—and December 12, 2014—when the district court determined that his competency had been restored—is excludable under § 3161(h)(4)."); *United States v. Cook*, No. 2:10-mj-364, 2010 WL 4809094, at *2 (S.D. Ohio Nov. 17, 2010) (excluding dates under this provision in an analogous factual scenario).

treatment and another competency evaluation were performed, eventually leading to the Court's finding that the Defendant is now competent to stand trial. Thus, this period of delay also resulted from a proceeding or examination to determine the mental competency of the Defendant and is therefore excludable pursuant to 18 U.S.C. § 3161(h)(1)(A). In addition, while the Court's Orders at R. 45 and R. 46 terminated the Defendant's Motion to Continue, the substantive request for relief in the Motion to Continue (to undergo treatment and further competency evaluation) remained pending for Speedy Trial Act purposes through the date of the Court's determination that the Defendant is now competent to stand trial; thus, this delay also resulted from a pretrial motion concerning the Defendant and is therefore excludable pursuant to 18 U.S.C. § 3161(h)(1)(D). However, pursuant to 18 U.S.C. § 3161(h)(1)(F), the one day in excess of ten days from July 13 (the date of the order directing Harrison's transportation to FMC Butner, *see* R. 46) and July 24, 2018 (the date of Harrison's arrival at the destination, *see* R. 72) is not excludable unless the United States either shows why this subsection should not apply or else rebuts the presumption that the excess time was unreasonable.

This the 5th day of March, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY